UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3133-BO

| | |
|---|---|
| ROBERT DEREK LURCH, JR.,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| FAYETTEVILLE POLICE DEPARTMENT, et al.,<br>Defendants. | )<br>)<br>) |

On May 23, 2016, Robert Derek Lurch, Jr., a federal inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a motion to proceed without prepayment of fees in the United States District Court for the Southern District of New York.[1] IFP Appl., D.E. 1; Compl., D.E. 2. The following day, the case was transferred to this district. Transfer Order, D.E. 4. The matter is now before the court for a frivolity determination. 28 U.S.C. § 1915(e)(2). Also before the court are plaintiff's motion for an extension of time to file an appeal, motion to preserve all audio tapes and request to obtain trial minutes, and two motions to amend. Mot. Ext. Time, D.E. 7; Mot. Preserve Evid., D.E. 12; Mot. to Amend, D.E. 13-14.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

---

[1] The case arises out of an arrest and detention in Fayetteville, North Carolina, by officers in the Fayetteville Police Department. Therefore, 42 U.S.C. § 1983 is the proper statute under which to proceed.

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

To begin, the motions to amend are ALLOWED as a matter of course. See Fed. R. Civ. P. 15(a)(1). These motions seek to dismiss the Fayetteville Police Department and add party defendants Fayetteville City and Officer D. Faulkner. The clerk is DIRECTED to docket the amendment accordingly.

Secondly, the allegations have been reviewed under the well-known governing standard and are ALLOWED to proceed. Plaintiff contends that he was wrongfully arrested and incarcerated in Fayetteville, North Carolina. He contends that the period of incarceration was a

2

Case 5:16-ct-03133-BO   Document 15   Filed 12/07/16   Page 2 of 3

period of a month or months ending in the dismissal of his charges. This was due to the policy of Fayetteville City as well as the actions of defendant Officer D. Faulkner.

Next, Lurch's motion for an extension of time is DENIED. While it is somewhat difficult to understand the motion, the court finds he seeks an extension to file an appeal of this case based on its dismissal. However, this case was not dismissed by the Southern District of New York, but it was transferred to this district. This is an on-going active case in this district. Therefore, construing the motion in this manner, it is DENIED.

Lastly, the motion to preserve all audio tapes and request to obtain trial minutes is ALLOWED in that the parties are notified to preserve all relevant evidence.

Accordingly, the court ORDERS as follows:

1. The motions to amend the complaint (D.E. 13 and 14) are ALLOWED, and Defendant Fayetteville Police Department is DISMISSED.

2. The clerk is DIRECTED to continue management of the action, and to serve a copy of this order together with the complaint and summons on defendant City of Fayetteville and Officer D. Faulkner.

3. Defendant shall have 60 days from service of the complaint to file his answer.

4. The court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. 1915(d).

5. The motion to preserve evidence (D.E. 12) is ALLOWED as set out above.

6. The motion for an extension of time (D.E. 7) is DENIED.

SO ORDERED, this the __1__ day of December 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

3

Case 5:16-ct-03133-BO   Document 15   Filed 12/07/16   Page 3 of 3